**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| RICHARD MUSACCHIA,<br><br>*Plaintiff*<br><br>v.<br><br>NATIONAL FLOOD INSURANCE PROGRAM; FEDERAL EMERGENCY MANAGEMENT AGENCY and DEANNE CRISWELL, in her official capacity as the ADMINISTRATOR OF THE FEDERAL EMERGENCY MANAGEMENT AGENCY; and ALEJANDRO MAYORKAS, in his official capacity as SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY,<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. ________________<br><br>JUDGE ________________________<br><br>MAGISTRATE ___________________ |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the plaintiff homeowner, Richard Musacchia ("Plaintiff" and/or "Homeowner"), who files this Complaint herein against the defendants, the National Flood Insurance Program ("NFIP"), the Federal Emergency Management Agency ("FEMA"), FEMA Administrator Deanne Criswell, and Alejandro Mayorkas, as Secretary of the Department of Homeland Security ("DHS") (hereinafter, collectively, "Defendants"), on the grounds set forth below, to wit:

### JURISDICTION AND VENUE

**1.**

This action arises under flood insurance regulations issued and promulgated by the Federal Emergency Management Agency ("FEMA"), the National Flood Insurance Act of 1968, as

amended, 42 U.S.C. § 4001, *et seq*. ("NFIA"), and federal common law.

**2.**

This is a breach-of-contract action involving a federal flood insurance policy that FEMA provided to Homeowner pursuant to the NFIA and the U.S. Government's National Flood Insurance Program ("NFIP").

**3.**

This Court has "original exclusive" subject matter jurisdiction over this matter pursuant to 42 U.S.C. § 4072, which specifically confers "original exclusive jurisdiction" upon the federal district court for the district in which the insured property is situated in any case involving the disputed disallowance or partial disallowance of federal flood insurance claim or proceeds, regardless of the amount in controversy.

**4.**

This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this matter involves a Dwelling Form Standard Form Insurance Policy ("SFIP") which is itself is a codified federal regulation, *see* 44 C.F.R. Pt. 61, App. A(1), and which was issued pursuant to the NFIA, and thus, this matter involves federal questions, including the application of federal statutes and federal regulations.

**5.**

This Court also has jurisdiction over this matter due to the parties contractually agreeing, per the language of the SFIP, that any lawsuit to recover money under the subject flood insurance policy must be brought in this Court since the insured property at issue (identified more fully below) is located in this federal district. *See* 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

**6.**

This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1337 (interstate commerce), as well as supplemental jurisdiction over all other claims that are not subject to federal jurisdiction pursuant to 28 U.S.C. § 1367.

**7.**

Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072.

**PARTIES**

**8.**

Plaintiff, who is a person of the full age of majority, is domiciled and resides in St. John the Baptist Parish, State of Louisiana, and at all times relevant herein was the owner of the insured property at issue, located at 640 Camelia Avenue, Laplace, LA 70068 (the subject "Property").

**9.**

FEMA is a federal agency within the U.S. Department of Homeland Security ("DHS") that administers and issues flood insurance policies pursuant to the NFIP. The NFIP is a federal program managed by FEMA. Both NFIP and FEMA are therefore properly named defendants herein.

**10.**

The current FEMA Administrator, Deanne Criswell, is made and named as a property party defendant to this action pursuant to 42 U.S.C. § 4072, which specifically authorizes the filing of suit against the Administrator of FEMA, in her official capacity, when asserting claims for the disallowance or partial disallowance of flood insurance benefits under the NFIP. *See also,* 44 C.F.R. § 61, App. A(1), Art. VII(R); 44 C.F.R. § 62.22.

**11.**

DHH Secretary, Alejandro Mayorkas, is arguably also a proper party defendant to this action pursuant to the Homeland Security Act of 2002, Pub. Law 107-296, 5 U.S.C. §§ 301, *et seq.*, which transferred the functions, personnel, assets, and liabilities of FEMA to the Department of Homeland Security.[1] Our of an abundance of caution, therefore, Secretary Mayorkas is also made and named herein as a defendant to this lawsuit.

**FACTUAL BACKGROUND**

**12.**

Pursuant to the NFIA and NFIP, FEMA sold and issued to Plaintiff a Dwelling Form *Standard Flood Insurance Policy* ("SFIP") bearing policy number 4000792357 for the subject property (the subject "Policy"), for which Plaintiff timely paid all necessary premiums, and which was therefore in full force and effect at the time of the covered flood loss. This SFIP, which is itself is a codified federal regulation, is set forth at 44 C.F.R. Pt. 61, App. A(1), the entirety of which is incorporated herein by reference as if copied and restated herein *in extenso*.

**13.**

On or about August 29, 2021, Hurricane Ida came ashore in Louisiana as one of the most destructive hurricanes to ever make landfall in Louisiana, causing, among other things, devastating flooding throughout much of Louisiana, including causing flood damage to the Plaintiff's dwelling and personal property (the "Flood Event").

[1] In prior cases similar to this one, FEMA has asserted that the proper defendant for a lawsuit seeking flood insurance benefits under the NFIA and the NFIP is the Secretary of the Department of Homeland Security, based upon the Homeland Security Act of 2002, which, among other things, transferred the functions, personnel, assets, and liabilities of FEMA to the Department of Homeland Security. *See, e.g.,* Memorandum in Support of FEMA's Motion to Dismiss, at pp. 11-13, *Toups v. Fed. Emergency Mgmt. Agency*, No. 2:13-CV-5226 (E.D.La. Aug. 2, 2013). Of course, 42 U.S.C. § 4072 specifically provides that a plaintiff may institute such an action against the "Administrator," which is specifically defined therein as the "Administrator of the Federal Emergency Management Agency," 42 U.S.C. § 4004, which, as of the date of this filing, is Deanne Criswell. Out of an abundance of caution, therefore, Plaintiff names as defendants *both* the FEMA Administrator *and* the current DHH Secretary (Alejandro Mayorkas) just to ensure that the proper party has been named.

**14.**

Indeed, as a direct and proximate result of the Flood Event, Plaintiff's dwelling and personal property was inundated for an extended period of time with contaminated floodwaters, causing a direct physical loss to the subject Property.  As a consequence, Plaintiff has incurred and/or will incur significant expenses to restore and/or replace the Property to its pre-flood condition.

**15.**

Plaintiff timely notified FEMA of this flood damage and loss as required by the SFIP.

**16.**

Thereafter, FEMA hired and sent an adjuster to Plaintiff's Property, and said adjuster, on behalf of FEMA, prepared a damage estimate and Proof of Loss form that failed to comply with the provisions and requirements of the SFIP, FEMA's rules, regulations, and general claims handling standards, and/or the NFIP claims manual(s).

**17.**

Plaintiff felt forced to sign and submit to FEMA a Proof of Loss statement based upon FEMA's adjuster's inspection and report of the subject Property in order to receive an initial damage assessment payment.

**18.**

Ultimately however, Plaintiff realized that numerous flood-damaged items had been omitted and/or significantly underpaid by FEMA.

**19.**

Because FEMA's adjuster's Proof of Loss and FEMA's payments based upon it were deficient and failed to adequately compensate Plaintiff for all covered flood losses, Plaintiff retained independent experts to evaluate the true extent of the loss caused directly by or from flood.

**20.**

Plaintiff's retained experts found conclusive evidence that the subject Flood Event critically damaged Plaintiff's Property in an amount and scope far greater than what was originally found and reported by FEMA and/or FEMA's adjuster.

**21.**

The covered flood damages were thoroughly documented by Plaintiff's retained experts, and a signed and sworn Proof of Loss with supporting documentation, including specifications of the damaged building and a detailed repair estimate, was timely submitted to FEMA for review in compliance with SFIP Article VII.J.4.

**22.**

Despite receipt of the documentation evidencing FEMA's substantial underpayment, FEMA has unfairly and improperly persisted in delaying action and denying payment on these claims, which are due and owing under the SFIP.

**23.**

Plaintiff has complied with all conditions precedent within the SFIP prior to filing this lawsuit, including, but not limited to, timely notifying FEMA of the flood loss and submitting a timely, signed and sworn Proof of Loss.

**BREACH OF CONTRACT**

**24.**

Plaintiff repeats and re-alleges each and every allegation set forth above as if copied and restated herein *in extenso*.

**25.**

Plaintiff and FEMA entered into an insurance contract when Plaintiff purchased from

FEMA, and FEMA issued to Plaintiff, the above-referenced SFIP, Policy No. 4000792357 (the subject "Policy"), for the subject Property.

**26.**

The subject Policy at all relevant times provided flood insurance coverage to Plaintiff for, among other things, direct physical loss to the subject Property caused by or from flood.

**27.**

Plaintiff fully performed under the contract, including by paying all premiums when due and satisfying all Policy requirements.

**28.**

Beginning on or about August 29, 2021, Plaintiff's dwelling and personal property was inundated for an extended period of time with contaminated floodwaters, causing a direct physical loss to the subject Property. As a consequence, Plaintiff has incurred and/or will incur significant expenses to restore and/or replace the Property to its pre-flood condition.

**29.**

The Flood Event physically changed and damaged the subject Property.

**30.**

FEMA materially breached the insurance contract when it wrongly failed to pay Plaintiff for damages directly caused to the Property by or from flood, and further, by failing to perform other obligations it owed under the Policy.

**31.**

By virtue of its various breaches of contract, including its failure to pay Plaintiff for all covered flood losses, FEMA is liable to Plaintiff for the actual damages Plaintiff sustained as a foreseeable and direct result of the breach and all costs associated with recovering, restoring,

repairing, and/or replacing the covered Property in accordance with the Policy, together with interest and all other damages Plaintiff may prove and/or as allowed by law.

**32.**

Plaintiff has fully cooperated with FEMA regarding the flood insurance claim at issue in this lawsuit and has fully complied with all conditions precedent within the SFIP prior to filing this lawsuit, including, *inter alia*, timely notifying FEMA of the flood loss and submitting a timely, complete, and signed and sworn Proof of Loss with supporting documentation.

**WHEREFORE**, on the basis of the above and foregoing, Plaintiff, Richard Musacchia, respectfully requests that, after all due proceedings are had, this Honorable Court enter judgment herein in Plaintiff's favor, and against Defendants, *in solido*, for all amounts of damages that Plaintiff may prove at trial arising from Defendants' breach of the parties' flood insurance contract, plus all expenses and pre-judgment and post-judgement interest as provided by law, and for all other relief that this Court may deem just and proper.

Respectfully Submitted:

**MCCLENNY MOSELEY & ASSOCIATES, PLLC**

*/s/ Claude F. Reynaud III*
Claude F. Reynaud III, LA Bar No. 31534
R. William Huye, III, LA Bar No. 38282
McClenny Moseley & Associates, PLLC
1820 St. Charles Ave, Suite 110
New Orleans, LA 70130
Telephone: (504) 603-0461
Facsimile: (713) 322-5953
Claude@mma-pllc.com
William@mma-pllc.com

***Attorneys for Plaintiff, Richard Musacchia***